IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VINCENT MARGIOTTI,
         Plaintiff,

vs.                                           Case No. 3:06cv50/LAC/EMT

M. NICHOLS., et al.,
         Defendants.
_____/

**ORDER, REPORT AND RECOMMENDATION**

      Plaintiff, an inmate in the Florida Department of Corrections proceeding pro se, initiated this action on January 26, 2006 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Also pending is Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 5).

      Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions if three or more of his prior suits have been dismissed as frivolous or malicious or for failure to state a claim. Pursuant to Plaintiff's own admissions on the complaint form, he has filed at least twenty-two (22) cases in federal court since 2002 (*see* Doc. 1 at 5-6a). Of these, at least four cases filed in the Middle District of Florida were dismissed based on Plaintiff's status as a "three-striker." (*See* Margiotti v. Jenkins, et al., 3:05cv700-J-25TEM (August 23, 2005); Margiotti v. Allen, 3:05cv408-J-99MCR (May 18, 2005); Margiotti v. Allen, 3:05cv386-J-99HTS (May 7, 2005); Margiotti v. Maxwell, et al., 3:05cv526-J-99HTS[1] (June 17, 2005)). Each of those cases noted that four cases previously filed by Plaintiff had been dismissed for lying under penalty of perjury about the existence of prior lawsuits (Case No. 3:04-cv-226-J-25TEM; Case No. 3:05-cv-261-J-12MMH;

---

[1] The order of dismissal in this case also notes that Plaintiff previously appealed an order of dismissal in Case No. 3:04-cv-680-J-20HTS, and the appeal was dismissed as frivolous.

Case No. 3:05-cv-263-J-99TEM; and Case No. 3:05-cv-264-J-16MMH).  Plaintiff is therefore no longer entitled to proceed in forma pauperis, and he must pay the $250.00 filing fee in full before proceeding with this or any other civil action, unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915.

In this case, Plaintiff, an inmate housed at the Santa Rosa Correctional Institution ("SRCI") during the time frame relevant to his complaint, names two Defendants: M. Nichols, a nurse at SRCI, and W.D. Rummel, a physician at SRCI.  Plaintiff alleges he has an injured "right 5th digit finger" that does not function, causes constant pain, and results in popping of the knuckle joint (Doc. 1, Statement of Facts, ¶ 4).  Plaintiff underwent two surgeries on this finger, but two more surgeries were recommended by Dr. Francis Ong, the surgeon (*id.*, ¶¶ 4, 5).  Without the recommended surgeries, Plaintiff alleges he will continue to experience pain, popping of the knuckle, lack of function, and deformity (*id.*, ¶ 4).  Plaintiff states that a recommended surgery was scheduled for September 15, 2005 at the "Reception and Medical Center," but it could not be performed at that time because Plaintiff's blood pressure was elevated and he had a fever (*id.*, ¶ 5).  Plaintiff further alleges the surgery was to be rescheduled, but he was returned to SRCI and the surgery was not rescheduled (*id.*).  Upon Plaintiff's return to SRCI, he attempted approximately twenty-five times to "re-initiate" the finger surgery, but Defendant Nichols denied his requests because "Plaintiff hadn't had the surgery on 9-15-05 and due to Plaintiff keep [sic] filing grievances" (*id.*, ¶ 6). Plaintiff complained to Defendant Rummel, the Chief Health Officer at SRCI, but he also denied Plaintiff's request for surgery "due to Plaintiff's constantly filing grievances" (*id.*, ¶ 7).  Plaintiff maintains that he "has been left to suffer with no function to finger, pain, [and] poping [sic] in joint," which will result in deformity and disability for life (*id.*, ¶ 8).  He alleges a violation of the Eighth Amendment and seeks punitive damages against each Defendant in the amount of $100,000.00 (Doc. 1 at 8a).

The issue before the court is whether Plaintiff is under imminent danger of serious physical injury and, therefore, entitled to proceed in forma pauperis.  Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis.  According to the Eleventh Circuit, in <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious

physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint).

Case law pertaining to prisoners with disabilities and ongoing medical conditions is particularly relevant to the inquiry in the instant case. In Brown, the prisoner alleged that he had HIV and hepatitis but was prevented from continuing to take prescribed treatments. As a result, he suffered prolonged skin and scalp infections, severe pain in the eyes and vision problems, fatigue, and prolonged stomach pains and was at risk for "opportunistic infections, such as pneumonia, esophageal candidiasis, salmonella, and wasting syndrome." 387 F.3d at 1350. According to the Eleventh Circuit, "[v]iewed together, the afflictions of which [the plaintiff] currently complains, including his HIV and hepatitis, and the alleged danger of more serious afflictions if he is not treated constitute imminent danger of serious physical injury." *Id. See also* Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (applying exception in response to allegations that denial of medication for bipolar disorder, attention deficit hyperactivity disorder, and panic disorder caused prisoner to suffer heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in his legs and back); Fuller v. Myers, 123 Fed.Appx. 365, 366-367 (10th Cir. 2005) (applying exception where prisoner suffered from breathing difficulties and other respiratory problems and had been under

treatment of physician for this problem for more than twenty years, including the use of prescribed inhaler when ventilation system exacerbated his breathing difficulties and caused severe headaches and nose bleeds); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002) (holding that prisoner's alleged need of two additional dental extractions and resulting spreading infection in the mouth is sufficient imminent danger); Voth v. Lytle, 2005 WL 3358909 at *1 (D. Or. Dec. 8, 2005) (imminent danger found where Plaintiff experienced severe pain and constant rectal bleeding for four months and believed something had ruptured in his lower stomach).  In some circumstances, allegations of severe pain can satisfy the imminent danger requirement.  *See* Perez v. Sullivan, 2005 WL 3434395 at *1 (W.D. Wis. December 13, 2005) (imminent danger found where Plaintiff alleged severe pain stemming from spinal arthritis and chronic nerve root damage for which a disk laminactomy had been recommended).

Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury.  Although Plaintiff has alleged an ongoing medical condition (i.e., his finger does not function properly, it is deformed, and his knuckle pops), his medical condition is not the type of serious injury that has been recognized by the courts, as described *supra*.  Moreover, Plaintiff has not alleged facts suggesting that his medical condition has worsened or will worsen absent surgery; he has merely alleged that his condition will not improve.  Finally, although Plaintiff has alleged that his medical condition causes pain and that the pain will continue without surgery, he has not indicated that the pain is severe and has made only a vague allegation of pain.  *See* White, 157 F.2d at 1231-1232 (imminent danger not found despite plaintiff's claim that he "ha[s] been deprived of life sustaining medication and medical attention/treatment, ha[s] been beaten, and/or otherwise tortured and allowed to suffer great pain, so that [his] health degenerated to a[n] extremely life-threatening degree," due to lack of specificity regarding the asserted 'serious physical injury').

Plaintiff therefore cannot proceed in forma pauperis.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 5) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $250.00 filing fee.

At Pensacola, Florida, this 23rd day of March 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**